No. 122.—JOHN McCORD, caveator, plaintiff in error, *vs.* JAMES R. McCORD, propounder, defendant.

[1.] A marriage settlement contained this clause : "That each of the parties aforesaid shall, after marriage and through life, keep, have and enjoy, to their own separate use, benefit and behoof, all such worldly estate, whether real or personal, as either of them may possess or be in any wise legally entitled to ; and to be managed by them separately if they choose, and in no wise to be subject to the control, debts, mortgages, judgments or incumbrances of the other party ; and each to have a sole and separate control of their own estate, which they have before the solemnization of the marriage aforesaid :" *Held,* that by it the woman reserved to herself the power of disposing, absolutely, of her property by will.

Caveat, in Butts Superior Court. Tried before Judge STARKE, September Term, 1855.

James R. McCord propounded the will of Sarah McCord, a married woman, which was resisted by her husband, John McCord ; and the only question was, whether, under the following ante-nuptial agreement, she had the power to dispose of her property by will. The agreement is as follows, after reciting that a marriage was in contemplation between the parties: " That each of the parties aforesaid shall, after said marriage, *and through life,* keep, have and enjoy, to their own separate use, benefit and behoof, all such wordly estate, whether real or personal, as either of them may possess, or be in any wise legally entitled to ; and to be managed by them separately, if they choose, and in no wise to be subject to the control, debts, mortgages, judgments or incumbrances of the other party ; and each to have a sole and separate

control of their own estate which they have before the solemnization of the marriage aforesaid. Interchangeably signed, sealed and delivered," &c.

Signed and sealed by John McCord and Sarah Alexander, afterwards Sarah McCord, and duly attested.

The Court held, and so charged the Jury, that under this instrument, Mrs. McCord had the right to dispose of her property by will.

The Jury found for the propounder, and the caveator excepts to the decision of the Court.

D. J. BAILEY, for plaintiff in error.

FLOYD, for defendant.

*By the Court.*—BENNING, J. delivering the opinion.

[1.] The question is, whether Mrs. McCord, a married woman, had power to make the will which it appears that she did make? That depends upon the degree of power which she reserved to herself by the marriage settlement which she entered into with James R. McCord.

It is clear that the *estate* which she reserved to herself in her property, was as much as a separate estate for her life.

Did she reserve a separate *power* over more than a life estate in the property? This is the important question.

We think she did. We think she reserved all power over it. The last clause in the settlement is in these words: "And each to have a sole and separate control of their own estate which they have before the solemnization of the marriage aforesaid."

There can be no doubt that we are right in this opinion, if the word "which" has the word "control" for its antecedent.

And unless it has, there can be no use for the clause. Unless the clause means to say that the control which each party was to have, was to be the same which such party had before marriage, it adds nothing to the previous part of the

instrument; for the clause can have but one other meaning, and that is this: that as to such "estate" as each party had before marriage, such party is, during life, to have the sole and separate control of it.　But this is a meaning most fully conveyed in the previous part of the instrument, which gives to each party a sole and separate *estate* in such property for life.

The word "which," then, must be construed, we think, as referring, not to the word "estate," but to the word "control," for its antecedent.

If so, it follows that Mrs. McCord reserved to herself the power to make this will; for it follows that she reserved to herself all the "control" over her estate which control she had before marriage.　And a *feme sole* has all power over her estate.